```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

v.                              Criminal Action No. 2:18-cr-00264

**MICHAEL D. WILLIAMS**

MEMORANDUM OPINION AND ORDER

Pending is defendant Michael D. Williams', pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed on January 15, 2021. ECF 58; see also ECF 66.[1] The United States filed a response in opposition on August 25, 2022. ECF 67.

On November 7, 2018, a federal grand jury returned a single count indictment charging Mr. Williams as a felon in

---

[1] ECF 66 is a letter signed by Mr. Williams and addressed to Judge Johnston, who sentenced Mr. Williams in United States v. Williams, 2:13-cr-00270. The letter was received by the court on January 15, 2021, and lists grounds in support of his motion for compassionate release. The court construes this letter as Letter Form Motion for Compassionate Release.

In criminal case number 2:13-cr-00270, Mr. Williams was convicted of conspiracy to commit arson in violation of 18 U.S.C. § 371. Judge Johnston sentenced Mr. Williams to 32 months imprisonment and 3 years of supervised release. 2:13-cr-00270, ECF 32.

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF 1. The defendant pled guilty to count I on December 19, 2018. ECF 14-15.

According to the presentence investigation report, on October 13, 2018, an officer with the Charleston Police Department witnessed an altercation between Mr. Williams and Treylonnie Robertson. ECF 37 at ¶ 7. During this altercation the officer saw "Williams pull a handgun from his front pocket and point it in the direction of Robertson." Id. After confronting Mr. Williams, the officer recovered a firearm loaded with seven 9mm rounds. Id. On November 7, 2018, the defendant was arrested for violation of his supervised release in United States v. Williams, 2:13-cr-00270.

The probation officer determined Mr. Williams' base offense level was 20, however, a four-level enhancement was added in the presentence report due to the defendant having "pointed a loaded handgun in the direction of Robertson during the altercation which is wanton endangerment under W.Va. Code § 61-7-2." Id. at ¶¶ 22-23. The probation officer also found a two-level enhancement was appropriate for obstruction of justice, based on the defendant having solicited Mr. Robertson to provide a false statement about the presence of the firearm during the incident on October 13, 2018. Id. at ¶ 26. With a

total offense level of 26 and criminal history category of IV, Mr. Williams' guideline sentence was 92 to 115 months. Id. at ¶ 116.

At sentencing, on May 23, 2019, the court declined to impose the four-level enhancement recommended by the probation office for pointing a loaded handgun in the direction of Mr. Robertson. ECF 44 at 35. Thus, the court calculated Mr. Williams' total offense level to be 22, with a criminal history category of IV. Id. at 35-36. Based on this, the advisory guideline range for imprisonment was 63 to 78 months. Id. at 36. Mr. Williams was also facing imprisonment for violation of the terms of his supervised release in criminal case number 2:13-cr-00270. Id. The guideline range for this violation was 8 to 14 months. Id. The court sentenced Mr. Williams to 63 months imprisonment for his conviction under §§ 922(g)(1) and 924(a)(2), and 9 months for his violation of supervised release to be served consecutively, for a total term of 72 months. Id. at 46-47.

Following his conviction, on June 5, 2019, Mr. Williams through counsel filed a notice of appeal. See ECF 31. In his appeal, the defendant challenged the district court's application of a two-level obstruction of justice enhancement. On April 23, 2021, by unpublished opinion, the Fourth Circuit

affirmed Mr. Williams' sentence.  See ECF 61; United States v. Williams, No. 19-4743 (4th Cir. Apr. 23, 2021).

While his appeal was pending, on December 26, 2019, Mr. Williams filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  ECF 47.  This motion was referred to United States Magistrate Judge Omar J. Aboulhosn, who filed proposed findings and recommendations which recommended denying Mr. Williams' § 2255 motion.  ECF 50.  After Mr. Williams failed to file objections, on February 26, 2020, the court adopted the magistrate judge's findings and recommendations and dismissed the defendant's § 2255 motion. ECF 52-53.

Before the court is defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 58; see also ECF 66.  Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances.  First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[2] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has noted that at the current time there are no "applicable policy statements issued by the Sentencing Commission."  See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020).  Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021), cert. denied, 142 S. Ct. 383 (2021); but see United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022) (finding a defendant cannot challenge the validity of his conviction or sentence through a motion for compassionate release).  However, rehabilitation may not on its own, serve as a basis for compassionate release.  McCoy, 981 F.3d at 286, n. 9; United

---

[2] Mr. Williams avers he filed a request for compassionate release with the warden of his prison on July 24, 2020.  His request was later denied.  ECF 66 at 6.

States v. Davis, No. 21-6960, 2022 WL 127900 (4th Cir. Jan. 13, 2022); 28 U.S.C. § 944(t).

Mr. Williams advances three grounds in support of compassionate release. First, he claims his underlying medical conditions which include HIV, diabetes, high blood pressure, obesity, and kidney issues, put him at an increased risk for contracting complications related to COVID-19.[3] Next, the defendant generally alleges he is receiving poor medical care. Finally, he claims his "mother (72) needs her first born," to help care for her unspecified medical issues.

The government makes several arguments in opposition, including (1) that the BOP has instituted a comprehensive action plan to minimize the risk of COVID-19 transmission into and inside its facilities and (2) regardless of whether the defendant is in BOP custody, he will continue to need treatment, and that the defendant can care for himself with the medical attention he is receiving from the BOP. See 67 at 5-7; 12-13.

The court finds Mr. Williams has failed to identify "extraordinary and compelling" reasons to grant compassionate release. With regard to his claim that compassionate release is

---

[3] In its response in opposition, the government acknowledges Mr. Williams "has HIV and diabetes, and his vitals are consistent with high-blood pressure and obesity." ECF 67 at 3.

warranted due to the COVID-19 pandemic and his risk of contracting complications, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical conditions increases that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

While it is plausible to conclude that Mr. Williams' underlying medical conditions may increase his risk of experiencing serious illness should he contract COVID-19, the court finds he has failed to establish that he now has a particularized risk of contracting COVID-19 at his prison facility. When his motion for compassionate release was filed, Mr. Williams was incarcerated at USP McCreary. Since the filing of his motion, he has been transferred to USP Coleman II. BOP Find an Inmate, BOP, https://www.bop.gov/inmateloc/ (last visited May 8, 2023).

As of May 8, 2023, the Bureau of Prisons reports that there is a total of 0 confirmed open case of COVID-19 amongst the inmates at USP Coleman II and 1 confirmed open case amongst the staff. BOP COVID-19 Statistics, BOP, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited May 8, 2023). Given these numbers the court finds Mr. Williams has failed to establish extraordinary and compelling reasons that warrant compassionate release based on concerns arising from the COVID-19 pandemic.

Next, the court finds Mr. Williams' general allegation that he is receiving poor medical care is not an "extraordinary and compelling" reason which warrants compassionate release. The defendant has provided the court with no evidence to support his contention that he is receiving poor medical care. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021) ("the movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction"); United States v. Davis, 581 F.Supp.3d 759 (E.D. Va. 2022). Instead, Mr. Williams has provided the court with a letter written by the warden of USP McCreary to Monica Williams recounting the steps taken by health care providers at the prison to care for the defendant's medical conditions. ECF 58-1 at 10. The letter concludes by stating, "Mr. Williams is being treated

8

appropriately for his medical needs and will continue to be evaluated as needed." Id. The defendant has presented no evidence that he received poor medical care while incarcerated at USP McCreary or USP Hazelton and has presented no evidence that he is currently receiving poor medical care at USP Coleman II. The court finds the defendant has failed to show the medical care he is receiving while incarcerated constitutes an "extraordinary and compelling" reason justifying compassionate release.

Finally, the court finds Mr. Williams has failed to establish that his mother "need[ing]" him, supports a finding of an "extraordinary and compelling" reason warranting compassionate release. In a letter signed by his mother and attached to his motion for compassionate release, the defendant's mother claims, "I am getting older and I have my own health issues and I need [the defendant] home." ECF 58 at 4. The defendant has provided the court with no information concerning what medical issues his mother may be facing, how he would help care for these medical issues, and has failed to provide the court with information concerning whether his mother has other care providers. See Newton, 996 F.3d at 488; Davis, 581 F.Supp.3d 759. Thus, the court finds the defendant has

9

failed to show compassionate release is warranted based on the age and medical condition of his mother.

Because the court finds that release is not warranted under § 3582(c), it need not address whether release would be consistent with the factors set forth in § 3553(a).

In light of the foregoing, the court DENIES Mr. Williams' motion for compassionate release.

The Clerk is directed to transmit copies of this order to the defendant, all counsel of record, the United States Probation Office, the United States Marshal, and to the Federal Bureau of Prisons.

ENTER: May 9, 2023

John T. Copenhaver, Jr.
Senior United States District Judge