UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:18-00264

MICHAEL D. WILLIAMS

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the court has instituted review of sentence in this matter upon its own motion.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points (other than status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process

motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later.  (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).  Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.  (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).  By previous Order entered on February 2, 2024, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

This court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office.  The court has also considered the Memorandum filed by the United States opposing any relief, and the Memorandum of Defendant, filed by his counsel, Jonathan D. Byrne, Appellate Counsel, Office of the Federal Public Defender.  Further, the court also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with §3582(c)(2), and public safety.

The defendant pled guilty to a single count Indictment charging the defendant with a violation of 18 U.S.C. §922(g)(1) and 924(a)(2), Felon in possession of a firearm.  At the time of his original sentencing, he had a Total Offense Level of 22 and six criminal history points for prior offenses, plus 2 status points for committing the offense while serving a term of supervised release, for a total of 8 criminal history points and a Criminal History Category of IV, yielding a Guideline range of 63-78 months.  On May 23, 2019, the court sentenced the defendant to 63 months of imprisonment, to run consecutively to the 9-months term of imprisonment imposed upon revocation of the defendant's term of supervised release in another criminal action, and three-years of supervised release.  Following implementation of Amendment 821, the defendant would not receive the two status points and his criminal history points would be six which results in a Criminal History Category of III, yielding an amended Guideline range of 51-63 months.

The defendant is eligible for sentence reduction based on the reduction in his Guideline range and the court has carefully considered whether to grant a reduction in this case. The defendant's record while in prison consists of 3 disciplinary actions in 2016, one in 2022, which is fighting with another person, and 5 disciplinary actions from September

26, 2023, through October 31, 2023.  Two of the 2023

disciplinary actions, October 29 and October 31, 2023, were

Possession of Drugs/Alcohol that resulted in the loss of good

time credit and termination from a residential re-entry center

and return to USP Coleman.  The court takes into consideration

the numerous courses the defendant completed while imprisoned.

The offense of conviction was a result of the defendant being

involved in an altercation with another person wherein he then

pulled a handgun from his front pocket and pointed it at the

ground in the direction of the other person.[1]  While

incarcerated, the defendant, on recorded telephone calls told

the victim, who was incarcerated at South Central Regional Jail,

to provide a statement to the defendant's attorney that

defendant Williams never possessed a firearm and then defendant

Williams would post bond for the victim.  The defendant also had

a prior felony conviction of Conspiracy to Commit Arson, in

which he was released on bond, he violated the bond and was

sentenced to 32 months of imprisonment and 36 months of

supervised release which was revoked.  Other prior convictions

used to determine the history and characteristics of the

defendant are two previous offenses of battery, one domestic

---

[1]  The court found that the defendant at most engaged in misdemeanor
brandishing under West Virginia law rather than wanton endangerment
and declined to impose a four-level enhancement for wanton
endangerment.

4

battery, two resisting arrests, two possessions of marijuana, carrying a concealed deadly weapon, carrying a dangerous weapon, and several driving violations.  The court also considers the felon in possession of a firearm that was pending at the time of the sentence on this conviction, and the court notes two battery charges wherein the charges were dismissed because a victim failed to appear.

Defense counsel, in his Memorandum of Defendant, argues that "[w]hile Williams has sustained several disciplinary infractions during his incarceration, that conduct is not a basis for limiting the relief Williams requests." (citing United States v. Ayala, 540 F.Supp.2d 676, 680 (W.D. Va. 2008).  The court notes that the defendant's infractions during his incarceration are not the only basis the court relies upon, and further observes that in Ayala, it is aptly noted that "[i]nfractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community."

Given that this defendant consistently refuses to follow the law, rules and regulations, as seen by his criminal history, his bond and supervised release revocations, and increasing disciplinary actions while incarcerated, especially over a short period of time in the later months of 2023, and noting that his

criminal history includes two federal convictions, conspiracy to commit arson and this offense of conviction, a felony firearm conviction, are of such a nature that the court must take into consideration safety concern of the public, the court finds that the applicable factors under 18 U.S.C. § 3553(a) consistent with § 3582(c)(2), and public safety, continue to support a sentence of 63 months as originally imposed.

Based on the foregoing considerations, the court ORDERS that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be DENIED, and that the sentence imposed on May 23, 2019, remain in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:   March 15, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

6